Stroudsburg Area Board of Education *v.* Pennsylvania Labor Relations Board and Stroudsburg Area Education Association and Theodore Good. Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellant.

Argued September 27, 1978, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Blatt, DiSalle and Craig. Judges Rogers and MacPhail did not participate.

*Lary I. Rappoport*, with him *James L. Crawford*, and *Donald A. Wallace*, for appellant.

*James A. Swetz*, with him *Samuel W. Newman*, and *Mervine, Brown and Newman*, P.C., for Stroudsburg Area Board of Education.

*Peter J. O'Brien*, with him *O'Brien and Miller*, for intervenors.

OPINION BY JUDGE MENCER, December 13, 1978:

On November 6, 1975, Theodore J. Good, a professional employee of the Stroudsburg Area School District (School District), was suspended without pay for five days by his employer for leaving work early without permission. Good requested a hearing before the Stroudsburg Area Board of Education (School Board) pursuant to the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq. Following the hearing, the School Board affirmed Good's five-day suspension. Good did not appeal this decision.

On February 5, 1976, Good filed a grievance pursuant to a collective bargaining agreement between the School District and the Stroudsburg Area Education Association (Union). Good's grievance sought to recover $341.05 which had been deducted from his pay because of his suspension. The grievance was denied by the School Board at the first two stages.

When the School Board then refused to submit the matter to arbitration, as allegedly required by the collective bargaining agreement, the Union filed an unfair labor practice charge with the Pennsylvania Labor Relations Board (PLRB). After a hearing, the PLRB issued a nisi decision and order in which it concluded that the School Board had violated Section 1201(a)(5) of the Public Employe Relations Act (Act), Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §1101.1201(a)(5), by failing to submit the grievance to arbitration. Accordingly, the PLRB ordered the School Board to arbitrate the dispute. The School Board's exceptions were dismissed and a final order entered by the PLRB on October 7, 1976. An appeal was filed by School Board with the Court of Common Pleas of the Forty-third Judicial District. The trial court sustained the appeal and vacated the order of the PLRB and its appeal to this Court followed. We affirm the trial court.

This Court, by a divided vote, has held that a refusal to submit a grievance or dispute to arbitration as required by Section 903 of the Act, 43 P.S. §1101. 903, is a failure to discuss the grievance and is therefore an unfair labor practice violative of Section 1201 (a)(5).[1] *North Star School District v. Pennsylvania Labor Relations Board*, 35 Pa. Commonwealth Ct. 429, 386 A.2d 1059 (1978); *Association of Pennsylvania State College and University Faculties v. Pennsylvania Labor Relations Board*, 30 Pa. Commonwealth Ct. 403, 373 A.2d 1175 (1977). Section 903, however, mandates arbitration only for disputes or grievances "arising out of the interpretation of the provisions of a collective bargaining agreement." The collective

---

[1] Neither the PLRB nor the Union contends that the School Board has failed to discuss the dispute or to engage in collective bargaining in any manner except for the refusal to submit the dispute to arbitration.

bargaining agreement between the Union and the School Board contains no provisions concerning the discipline, discharge, or suspension of employees. While any dispute which even arguably involves the interpretation of the agreement must be submitted to arbitration, *North Star School District, supra,* there is simply no provision in the present agreement which could conceivably be construed to be applicable to the disciplinary suspension of Good or any other employee. *See Pennsylvania Social Services Local 668 v. Pennsylvania Labor Relations Board,* Pa. , 392 A.2d 256 (1978).

The PLRB and the Union concede this but urge us to consider Good's loss of pay as entirely separate and distinct from his suspension. They contend that this dispute "arguably" involves the interpretation of that section of the agreement which sets forth the salaries of professional employees.[2] Good's loss of pay cannot be considered apart from his suspension, however, since a suspension with pay would be nothing more than a paid vacation. If Good had been discharged rather than suspended, it would clearly be untenable to argue that the only issue involved was the loss of pay, yet the PLRB would have us reach that conclusion here.

Provisions relating to discipline may properly be included in a collective bargaining agreement, but such is not the case here. Absent such a provision, an employee may challenge a disciplinary suspension through the procedure established by the Local Agency Law. Good chose to do so, and his Union cannot

---

[2] The provision relied upon by the Union and the PLRB reads as follows: "The salaries of all employees covered by this Agreement are set forth in Schedule B, attached hereto and made a part hereof." Schedule B is a chart setting forth the salaries to be paid on the basis of years of service, degrees earned, and credits accumulated.

now seek to challenge the suspension by accusing the School Board of an unfair labor practice. Since Good's suspension is not even remotely connected with the collective bargaining agreement, Section 903 does not require that the resulting loss of pay be submitted to arbitration and no violation of Section 1201 (a)(5) has occurred.

Order affirmed.

### ORDER

AND Now, this 13th day of December, 1978, the order of the Court of Common Pleas of the Forty-third Judicial District, dated September 6, 1977, vacating the final order of the Pennsylvania Labor Relations Board, dated October 7, 1976, is hereby affirmed.