Bristol Township Education Association, Appellant *v.* Bristol Township School District, Appellee.

Argued April 4, 1983, before Judges BLATT, MAC-PHAIL and DOYLE, sitting as a panel of three.

*A. Martin Herring,* with him *Catherine C. O'Toole,* for appellant.

*Edwin N. Popkin, Begley, Carlin & Mandio,* for appellee.

OPINION BY JUDGE MACPHAIL, May 24, 1983:

Bristol Township Education Association (Association) has brought this appeal from an order of the Court of Common Pleas of Bucks County vacating an arbitrator's award which had sustained the grievances of Carolyn Pachuki, Edwin Phillips and G. Wesley Frazier (Grievants).[1] We reverse and reinstate the arbitrator's award.

Grievants are professional employee teachers of the Bristol Township School District (School District). Grievants took approved sabbatical leaves at various times during the 1979-1980 and 1980-1981 school years. Upon their return, each Grievant was assigned by the School District to a different school, and in two cases a different grade, from that in which they taught prior to their sabbaticals. The arbitrator concluded that, in light of the School District's admission that had Grievants not taken a sabbatical they would have remained at their same school and position, the action of the School District constituted an improper

---

[1] The Common Pleas Court opinion refers only to the grievances of Pachuki and Frazier. Our examination of the record has not disclosed any waiver of Mr. Phillips' rights in this matter and we shall therefore also include his case in this appeal.

reduction of an employee benefit as well as an involuntary transfer in violation of contractual provisions. The arbitrator ordered Grievants returned, for the school year 1981-82, to the same grades and schools which they taught prior to their sabbatical leaves. In the case of Ms. Pachuki, who had previously taught as a high school art teacher at a school which was to be closed for the 1981-82 year, the arbitrator ordered her assigned to another high school.[2]

On appeal, the Common Pleas Court determined that the question of sabbatical leave was entirely outside the collective bargaining agreement and therefore the assignment of Grievants to different schools upon their return from leave was not arbitrable.

Our Supreme Court has consistently reminded us of the very narrow scope of review given to the judiciary over arbitration awards. The arbitrator's decision may not be overturned so long as it draws its "essence" from the collective bargaining agreement. *Leechburg Area School District v. Dale,* 492 Pa. 515, 517, 424 A.2d 1309, 1312 (1981). So long as the subject matter of the dispute is encompassed within the agreement, the validity of the arbitrator's interpretation is not a proper subject for review. *Id.* Furthermore, the broad deference given to the arbitrator's decision applies equally to his determinations regarding the arbitrability of the subject matter of the grievance. *Scranton Federation of Teachers, Local 1147 v. Scranton School District,* 498 Pa. 58, 65, 444 A.2d 1144, 1147 (1982). In this regard, the following language from *County of Allegheny v. Allegheny County Prison Employees Independent Union,* 476 Pa. 27, 31-32, 381 A.2d 849, 851 (1977) (footnotes omitted), is particularly relevant:

---

[2] As opposed to a junior high school to which the School District sought to assign her.

Pennsylvania labor policy not only favors but requires the submission to arbitration of public employee grievances "arising out of the interpretation of the provisions of a collective bargaining agreement." See also Lincoln System of Education v. Lincoln Association of University Professors, 467 Pa. 112, 354 A.2d 576 (1976). From this policy is derived the corollary principle that where, as here, an arbitrator has interpreted a collective bargaining agreement in favor of the arbitrability of the grievance before him, a reviewing court should be slow indeed to disagree.

In this case, the collective bargaining agreement provides for the arbitration of grievances involving the "interpretation of the provisions of this agreement." Here the arbitrator determined that the statutory right[3] of sabbatical leave was an employe benefit. Under the contract, the reduction of an employe benefit was classified as a disciplinary action[4] which could only be taken for just cause. The arbitrator's interpretation of employe benefits as including sabbatical leave thus placed the matter of these grievances squarely within the terms of the agreement. While we, like the trial court, might have reasonably determined that the term employe benefits included only those benefits spe-

---

[3] Sections 1166 and 1168 of The Public School Code of 1949, (Public School Code), Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§11-1166—1168.

[4] In light of the collective bargaining agreement's definition of disciplinary action as including the reduction of an employe benefit, our decision in *Neshaminy Federation of Teachers v. Neshaminy School District*, 59 Pa. Commonwealth Ct. 63, 428 A.2d 1023 (1981), *petition for allowance of appeal granted*, No. 81-3-460 (Pa. September 10, 1981), is clearly distinguishable. In *Neshaminy*, the contract provided for arbitration when an employe was disciplined, without defining the term discipline, and we held that a teacher's *discharge* was not encompassed within that provision.

cifically delineated in the contract, ''[i]t is the arbitrator's construction which was bargained for,'' *United Steelworkers v. Enterprise Wheel and Car Corp.,* 363 U.S. 593, 599 (1960), *quoted in Leechburg,* 492 Pa. at 517, 424 A.2d at 1312, and we cannot say that the arbitrator's inclusion of sabbatical leave as an employe benefit was so irrational as to be subject to judicial interference. This is especially true in light of the bargaining agreement's specific reference to provisions of the law and in particular the Public School Code. *See Rylke v. Portage Area School District,* 473 Pa. 481, 375 A.2d 692 (1977) ; *Greater Johnstown Area Vocational-Technical School v. Greater Johnstown Area Vocational-Technical Education Association,* 69 Pa. Commonwealth Ct. 208, 450 A.2d 787 (1982) ; *Erie Education Association Appeal,* 67 Pa. Commonwealth Ct. 383, 447 A.2d 686 (1982) ; *Aliquippa Education Association v. School District of the Borough of Aliquippa,* 63 Pa. Commonwealth Ct. 91, 437 A.2d 1039 (1981) ; *Chester Upland School District Appeal,* 55 Pa. Commonwealth Ct. 102, 423 A.2d 437 (1980). Furthermore, the arbitrator, in his opinion, referred to violations of the involuntary transfer provisions, a matter which clearly lies within the bargained-for agreement of the parties.[5] The Common Pleas Court's determination on non-arbitrability must therefore be reversed.[6]

[5] And a matter which the Common Pleas Court failed to consider in its decision.

[6] We certainly recognize and appreciate the School District's concern that the arbitrator's award would put Grievants in a better position, transfer-wise, than their fellow teachers. However, this point was brought to the attention of the arbitrator. In a letter of clarification written at the request of the parties, the arbitrator stated, in regard to the question of whether Grievants must be returned to teach the same grade they had taught previously, when Section 1168 of the Public School Code requires the return to the "same position":

450

## ORDER

The order of the Court of Common Pleas of Bucks County, No. 81-06341-14-6, dated May 20, 1982, is hereby reversed and the award of the arbitrator is hereby reinstated.

---

The language of the Award is not ambiguous. It requires a return to the same "grade". No "clarification" is really required. However, I want to add that the decision is for the facts of this case. I am not certain what decision would be reached were the facts somewhat different. Here the administration honestly concedes that but for the sabbatical leaves, the grievants would not have been affected by any reassignments. I viewed this as an impingement on guaranteed sabbatical rights in this case. In effect, the teachers were penalized by going on sabbatical. Therefore, *in this case* I am obliged to conclude that "position" means "the same grade". (Emphasis by arbitrator.)