542 A.2d 1053

North East Education Association and Michael Dohanic, Appellants *v.* North East School District, Appellee.

Argued March 25, 1988, before Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Alexander A. DiSanti, Richard, DiSanti, Hamilton, Gallagher & Paul,* for appellants.

*Timothy M. Sennett, Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for appellee.

OPINION BY JUDGE BARRY, June 9, 1988:

North East Education Association and Michael Dohanic (appellants) appeal from an order of the Court of Common Pleas of Erie County which sustained a petition for review filed by the North East School District (District) from an arbitrator's decision. We reverse.

The facts giving rise to the controversy in this case are not complicated. Mr. Dohanic was employed as a teacher in one of the District's elementary schools. He was the author of a trivia column which regularly appeared in a local newspaper. Mr. Dohanic customarily placed copies of his column in some of the other teachers' school mailboxes. His column of March 10, 1986, arguably contained sexually oriented material. Following the receipt of complaints about the contents of the column and an investigation of the matter the District issued Mr. Dohanic a three day suspension.

Mr. Dohanic filed a grievance which argued that the suspension violated various provisions of the collective bargaining agreement. The grievance proceeded to arbitration where the District maintained that a disciplinary suspension was not arbitrable under the collective bargaining agreement inasmuch as the agreement does not contain provisions regarding discipline. Accordingly, it argued that this matter did not fall within the agreement's definition of "grievance."

The arbitrator determined that the matter was arbitrable on the basis of an "implied just cause for discipline" provision in the collective bargaining agreement. Further, he found that the District had established just cause for disciplining Mr. Dohanic but reduced the suspension from three days to one day.

The District appealed the arbitrator's decision to the Court of Common Pleas which reversed. The trial court reasoned that the arbitrator erred in concluding that the collective bargaining agreement contained an implied just cause for discipline provision. Accordingly, it concluded that the arbitrator erred in accepting jurisdiction over the disciplinary action and reversed his decision inasmuch as it did not draw its essence from the collective bargaining agreement. This appeal followed.

It is well-settled that the judiciary has a very narrow scope of review of arbitration awards. An arbitrator's decision may not be overturned so long as it draws its essence from the collective bargaining agreement. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981). "Furthermore, the broad deference given to the arbitrator's decision applies equally to his determinations regarding the arbitrability of the subject matter of the grievance." *Bristol Township Education Association v. Bristol Township School District,* 74 Pa. Commonwealth Ct. 445, 447, 460 A.2d 387, 388 (1983). We find that the trial court erred in reversing the

arbitrator's determination of the arbitrability of Mr. Dohanic's grievance.

As we stated in *East Pennsboro Area School District v. Pennsylvania Labor Relations Board,* 78 Pa. Commonwealth Ct. 301, 305, 467 A.2d 1356, 1358 (1983), "In deciding whether a dispute or grievance presents an arbitrable question, one must determine whether the parties themselves intended arbitration. Of course, the parties' intent is evidenced by the collective bargaining agreement and the circumstances surrounding its execution." With that in mind we note the following pertinent provisions of the collective bargaining agreement in this case.

First, Section V, A, 1. of the agreement defines grievance as:

> . . . a complaint by a member or members of the unit that there has been an alleged violation, misrepresentation, or misapplication of a term or terms of this agreement.

Second, Section V, B of the agreement sets forth the grievance procedure which culminates with Level Four, arbitration. In addition to establishing certain time limitations Section V, B, 5 provides, "Further provisions for the binding arbitration procedure shall be as stated in Section 903, Act 195."[1] (Footnote added.) In addition, both sides to this dispute agree that the collective bargaining agreement does not contain any provisions relating to discipline.

The trial court found that *Stroudsburg Area Board of Education v. Pennsylvania Labor Relations Board,* 39 Pa. Commonwealth Ct. 200, 395 A.2d 622 (1978) controls this case. We must disagree.

---

[1] Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. §1101.903.

In *Stroudsburg,* this Court affirmed a trial court's order vacating an order of the Pennsylvania Labor Relations Board. The Board's order had directed the Stroudsburg Area School District to submit an employee's grievance to arbitration. The employee's grievance concerned a five day disciplinary action taken by the District in the absence of any provision governing discipline in the collective bargaining agreement. This Court stated:

> Section 903, however, mandates arbitration only for disputes or grievances 'arising out of the interpretation of the provisions of a collective bargaining agreement.' The collective bargaining agreement between the Union and the School Board contains no provisions concerning the discipline, discharge, or suspension of employees. While any dispute which even arguably involves the interpretation of the agreement must be submitted to arbitration . . . there is simply no provision in the present agreement which could conceivably be construed to be applicable to the disciplinary suspension of [the employee]. . . .
>
> . . . .
>
> Provisions relating to discipline may properly be included in a collective bargaining agreement, but such is not the case here.
>
> . . . .
>
> Since [the employee's] suspension is not even remotely connected with the collective bargaining agreement, Section 903 does not require that the resulting loss of pay be submitted to arbitration. . . .

*Stroudsburg,* 39 Pa. Commonwealth Ct. at 202-04, 395 A.2d at 623-24 (citations omitted).

As we did under similar circumstances in *East Pennsboro* we are compelled to conclude that the

above-mentioned language is no longer viable. As we said in *East Pennsboro,* "Remembering that the collective bargaining agreement evidences the intent of both the parties in this area, it seems clear that should either party seek arbitration there exists at least an argument that an interpretation of provisions of the Agreement is involved." 78 Pa. Commonwealth Ct. at 308, 467 A.2d at 1359.

In *Pennsylvania Labor Relations Board v. Bald Eagle Area School District,* 499 Pa. 62, 68, 451 A.2d 671, 674 (1982) our Supreme Court stated, "We . . . hold that hereafter issues involving conflicts between a public sector collective bargaining agreement and fundamental statutory policies of this Commonwealth must be presented first to arbitration for determination, subject to appropriate court review of any award in conflict with such policies."

Accordingly, we find that the arbitrator in the case before us properly assumed the responsibility for determining whether Mr. Dohanic's grievance was arbitrable and the trial court erred in determining that the arbitrator exceeded his authority in accepting jurisdiction over the grievance.

Further, following *Bald Eagle,* we found in *East Pennsboro* that an arbitrator must initially determine whether a grievance which arises out of a disciplinary action is arbitrable even in the absence of a disciplinary provision in the collective bargaining agreement. We stated: "Should an employer wish to exclude areas from arbitration, it should do so through the collective bargaining process rather than by asking the courts to rectify the employer's oversights and/or shortcomings in evidencing its intent through the collective bargaining agreement." 78 Pa. Commonwealth Ct. at 313, 467 A.2d at 1361. We find that this admonition is equally applicable in the present case and, accordingly, reject

the District's argument that the lack of a disciplinary provision in the collective bargaining agreement operated to preclude the arbitrator from exercising jurisdiction over Mr. Dohanic's grievance.

The trial court did not reach the merits of this grievance inasmuch as it determined that the arbitrator did not have jurisdiction. As noted above, the District imposed a three day suspension which the arbitator reduced to one day. The trial court's order vacated the arbitrator's order and reinstated the District's three day suspension. Before both the trial court and this Court, the District argues that the arbitrator exceeded his authority by reducing Mr. Dohanic's suspension. We disagree.

In *United Transportation Union, Local 1594 v. Southeastern Pennsylvania Transportation Authority,* 28 Pa. Commonwealth Ct. 323, 327, 368 A.2d 834, 836 (1977) we relied on *United Steelworkers of America v. Enterprise Wheel and Car Corporation,* 363 U.S. 593 (1960) for the proposition that "[a]rbitrators have broad powers in the fashioning of remedies." The District has not demonstrated that the arbitrator's reduction of the suspension was made in manifest disregard of the collective bargaining agreement. Accordingly, we will reverse the trial court's order and reinstate the order of the arbitrator.

### ORDER

Now, June 9, 1988, the order of the Court of Common Pleas of Erie County at No. 4093-A-1986, dated February 17, 1987, is reversed and the arbitrator's decision dated October 3, 1986, is hereby reinstated.