547 A.2d 1287

Northumberland County Area Vocational-Technical School Education Association, Appellant *v.* Northumberland County Area Vocational-Technical School, Appellee.

*Thomas W. Scott,* with him, *Lynne L. Wilson,* for appellant.

*Frank E. Garrigan, Garrigan & Rosini,* for appellee.

OPINION BY JUDGE CRAIG, September 26, 1988:

The Northumberland County Area Vocational-Technical School Education Association appeals an order, of the Court of Common Pleas of Northumberland County, vacating an arbitrator's award that sustained a grievance filed by the association against the Northumberland County Area Vocational-Technical School.

The facts, as determined by the arbitrator, are as follows. In 1981 the association and the school entered into a collective bargaining agreement. Section 9.2 of the collective bargaining agreement provided:

> No professional employee shall be reduced in rank or compensation or deprived of any professional advantage as defined in the Public School Code without just cause as provided in the Public School Code.

Before the 1985-86 school year, the school informed three members of the association that they would be de-

moted to half-time status. In the fall of 1985 whenever any members of the teaching faculty were absent, the school offered the demoted teachers the opportunity to substitute for the absent teachers. In the late fall of 1985, the school discontinued this policy and began to employ other substitute teachers. As a result, the association filed a grievance and asserted that, under section 1125.1 of the Public School Code[1] (School Code) and the collective bargaining agreement, the demoted teachers have the right to be recalled in the place of any absent teacher.

Following a grievance hearing, the arbitrator concluded that, although the contract provided no recall rights for the demoted teachers, they did have recall rights under the School Code; therefore, he sustained the grievance of the association.

The school appealed the arbitrator's decision, and the trial court vacated the award of the arbitrator, ruling that the school had not violated the School Code in failing to recall the demoted teachers.

The issue raised in this appeal is whether the arbitrator's determination that the demoted teachers were entitled to recall rights under the School Code is encompassed within the "essence" of the collective bargaining agreement. Because we conclude that the arbitrator's determination rests upon that foundation, we reverse.

The judicial review of an arbitrator's decision is very narrow and may not be overturned so long as it draws its essence from the collective bargaining agreement. *Leechburg Area School District v. Dale,* 492 Pa. 515, 424 A.2d 1309 (1981). Under the essence test, the deci-

---

[1] Section 1125.1 of The Public School Code of 1949, March 10, P.L. 30, *as amended,* added by section 3 of the Act of November 20, 1979, P.L. 645, *as amended,* 24 P.S. §11-1125.1.

sion of the arbitrator is not subject to·judicial review so long as the subject matter of the dispute is encompassed within the agreement. *Bristol Township Education Association v. Bristol Township School District,* 74 Pa. Commonwealth Ct. 445, 460 A.2d 387 (1983).

The school asserts that, because the arbitrator stated that he based his decision on an application of the School Code, and not on the contract, the essence test should not be applied. The school further asserts that, because the arbitrator's interpretation of the School Code is incorrect, under the Uniform Arbitration Act,[2] his decision must be reversed.

Although the arbitrator did state that demoted teachers' right to recall did not originate in the collective bargaining agreement, but in the School Code, the agreement contained a clause incorporating the School Code. Thus, the subject matter of the arbitration, namely recall rights of demoted employees under the School Code, *is* encompassed within the agreement.

Moreover, in *Leechburg,* the court stated that "the fact that the arbitrator in analyzing this dispute may have failed to properly perceive the question presented or erroneously resolved it, does not provide justification for judicial interference. Our inquiry ends once it is determined that the issue properly defined is within the terms of the agreement." *Leechburg,* 492 Pa. at 521, 424 A.2d at 1313.

Therefore, because the School Code is incorporated into the agreement, recall rights of demoted employees under the School Code are within the terms of the agreement and the essence test governs.

The school also argues that, because the arbitrator incorrectly interpreted the School Code, the Uniform Arbitration Act also requires that his award be vacated.

---

[2] 42 Pa. C. S. §§7301-7362.

Section 7302(d)(2) of the Uniform Arbitration Act provides:

(d)  Special Application.— . . .

(2)  Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, *modify or correct the award where the award is contrary to law* and is such that had it been a verdict of the jury the court would have entered a different judgment or a judgment notwithstanding the verdict. (Emphasis added.)

42 Pa. C. S. §7302(d)(2).

The key point is that the *essence test is the law,* and that test upholds an arbitrator's award even if a judicial interpretation of the contract, including matter incorporated into it, would reach an opposite result. Courts have no business overruling an arbitrator merely because their interpretation of the contract is different from his interpretation. *Conneaut School Service Association v. Conneaut School District,* 96 Pa. Commonwealth Ct. 586, 591, 508 A.2d 1271, 1274 (1986), citing *Leechburg.*

*Erie Education Association Appeal,* 67 Pa. Commonwealth Ct. 383, 447 A.2d 686 (1982), illuminates the principle. In that case, the school district argued that the enactment of the Uniform Arbitration Act superseded the essence test. We concluded that the enactment of the Uniform Arbitration Act did not vitiate the use of the essence test in reviewing decisions of an arbitrator.

As in this case, *Erie* involved an agreement that incorporated the School Code, and an arbitrator's interpretation of the School Code. In *Erie,* the collective bargaining agreement contained a provision that provided that sabbatical leaves were to be granted in accordance

with sections 1161-1171 of the School Code.[3] When the school district enacted a more stringent sabbatical leave policy, pursuant to section 1171 of the School Code,[4] the association filed an unfair labor practice. The arbitrator determined that, under these circumstances "the sabbatical leave policy was subsumed within the contract agreement and therefore arbitrable." *Erie,* 67 Pa. Commonwealth Ct. at 391, 447 A.2d at 689. The arbitrator further determined, after cross referencing all the sections of the School Code contained in the contract, that once bargaining had concluded, the district could not enact a more restrictive sabbatical leave policy. The trial court reversed the decision of the arbitrator, concluding that the teachers had bargained away the right to limit the district's power to alter the sabbatical leave policy, because of the inclusion of section 1171 of the School Code in the collective bargaining agreement.

This court reversed, granting deference to the arbitrator's determination of arbitrability as well as his interpretation. *Erie,* 67 Pa. Commonwealth Ct. at 391-92, 447 A.2d at 690. Therefore, implicit in this court's decision in *Erie* is the point that, when the School Code is incorporated in the collective bargaining agreement, a court must defer to the arbitrator's interpretation of the School Code under the essence test.

On the other hand, *Greater Johnstown Vo-Tech School v. Vo-Tech Education Association,* 104 Pa. Com-

---

[3] 24 P.S. §§11-1161 through 11-1171.

[4] Section 1171 of the School Code provides:
The board of school directors shall have the right to make such regulations as they deem necessary to make sure that employes on leave shall utilize such leave properly for the purpose for which it was granted, requiring reports from the employe or employes on leave in such a manner as they may deem necessary.
24 P.S. §11-1171.

monwealth Ct. 191, 521 A.2d 965 (1987) gives us pause. There a panel of this court held that an arbitrator erred in applying the district-wide seniority principle of School Code §1125.1(c) when the specific contract provision itself applied department-wide seniority principles. *Greater Johnstown* pointed out that section 1125.1(e) of the School Code expressly stated that the section does not supersede or preempt any provisions of the collective bargaining agreement.

The present case is also distinguishable because here there is no clear case law precedent or statutory direction contrary to what the arbitrator determined was the applicable provisions of the School Code.

Hence, because the collective bargaining agreement here incorporates the School Code, the arbitrator's decision that the School Code provides the demoted teachers with recall rights is encompassed within the agreement and must be given deference by this court.

Accordingly, we reverse and order that the arbitrator's award be reinstated.

### ORDER

Now, September 26, 1988, the order of the Court of Common Pleas of Northumberland County, at No. CV 86-938, dated July 27, 1987, is reversed and the decision of the arbitrator is reinstated.