553 A.2d 527

The Township of North Huntingdon, Appellant *v.* North Huntingdon Township Police Union, Appellee.

Argued October 6, 1988, before Judges BARRY and SMITH, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert E. Durrant*, with him, *Michael L. Brungo, Meyer, Darragh, Buckler, Bebenek & Eck*, for appellant.

*Raymond F. Sekula*, for appellee.

OPINION BY JUDGE BARRY, February 3, 1989:

The Township of North Huntingdon (Township) appeals from an order of the Court of Common Pleas of Westmoreland County denying its petition to vacate an arbitrator's award. We affirm.

On June 7, 1986, the Township administered examinations for promotions to the ranks of sergeant and lieutenant. Patrolman Charles E. Henaghan scored highest on each exam and was placed first on the two eligibility lists published by the Township Civil Service Commission.

On August 13, 1986, the Township's Public Safety Director made promotion recommendations to the Township Commissioners. He recommended a sergeant who scored second on the exam for promotion to lieutenant and a corporal who scored sixth as well as a patrolman who scored second on the exam for promotion to sergeant. The Commissioners accepted the Public Safety Director's recommendations and made the corresponding promotions.

Henaghan filed a grievance contending that the Township violated the terms of the collective bargaining

agreement (agreement) by failing to promote him to the rank of lieutenant. The grievance was submitted to arbitration with the Township preserving the right to argue the jurisdiction of the arbitrator as well as the merits of the grievance.

The arbitrator determined that the grievance was properly before him and decided the merits in Henaghan's favor. He entered an award promoting Henaghan to the rank of lieutenant and awarded back pay for the difference in compensation.

The Township petitioned for review of the award to the trial court which affirmed the arbitrator. The Township now appeals to this Court.

First, the Township maintains that the trial court erred in affirming the arbitrator's determination that Henaghan's grievance was arbitrable. It argues that the subject matter of the grievance, *i.e.* Henaghan's promotion, is not arbitrable under the agreement inasmuch as the agreement does not contain provisions regarding promotions. It asserts that promotions are governed exclusively by statute.

Initially, we note that the judiciary's scope of review of arbitration awards is very narrow. An arbitrator's decision may not be overturned so long as it draws its essence from the collective bargaining agreement. *County of Centre v. Musser,* 519 Pa. 380, 548 A.2d 1194 (1988). " 'Furthermore, the broad deference given to the arbitrator's decision applies equally to his determinations regarding the arbitrability of the subject matter of the grievance.' " *North East Education Association v. North East School District,* 117 Pa. Commonwealth Ct. 19, 21, 542 A.2d 1053, 1054 (1988) *quoting Bristol Township Education Association v. Bristol Township School District,* 74 Pa. Commonwealth Ct. 445, 447, 460 A.2d 387, 388 (1983). "In deciding whether a dispute or grievance

presents an arbitrable question, one must determine whether the parties themselves intended arbitration. Of course, the parties' intent is evidenced by the collective bargaining agreement and the circumstances surrounding its execution." *East Pennsboro Area School District v. Pennsylvania Labor Relations Board,* 78 Pa. Commonwealth Ct. 301, 305, 467 A.2d 1356, 1358 (1983). With that in mind we note the following pertinent provisions of the collective bargaining agreement in this case.

First, Article VI, Section 2, (A), Section 1 of the agreement defines grievance as:

> ... any difference or dispute between the Township and any regular Policeman with respect to the interpretation, application, claim or breach or violation of any of the provisions of any applicable contract with the police, arbitration award, or terms and conditions of employment.

Further, Article I, Section 2 provides:

> All Terms and Conditions of Employment now existing in this collective bargaining relationship which are not inconsistent with this document and all other present benefits now provided by the municipality and any other Terms and Conditions of Employment now presently provided by the municipality and not specifically mentioned in this document shall be continued.

The arbitrator determined that Article I, Section 2 had the effect of incorporating by reference the civil service provisions of The First Class Township Code (Code)[1] and the Township's own Civil Service Regulations adopted by ordinance which pertain to the police promotion process. Accordingly, he concluded that questions involving promotions were arbitrable despite the

---

[1] Act of June 24, 1931, P.L. 1206, *as amended,* 53 P.S. §§55625-55650.

absence of a specific provision in the agreement related to promotions.

The Township argues that matters involving the promotion of police officers are statutorily mandated by the Code. It argues further that Article I, Section 2 of the agreement does not incorporate the Code by reference. It takes the position that only terms and conditions of employment "provided by the municipality" are incorporated by reference into the agreement. The Code was enacted by the legislature, not the Township; accordingly, it has not been "provided by the municipality."

The Township's interpretation focuses on the last portion of the Section whereas the arbitrator focused on the first portion which provides, "All Terms and Conditions of Employment now existing in this collective bargaining *relationship* . . . shall be continued." (Emphasis added.) This portion of Section 2 is not qualified by the phrase "provided by the municipality." The arbitrator reasoned that the phrase "collective bargaining relationship" was broad enough to include acts of the legislature such as the Code. We find that the arbitrator's interpretation of Article I, Section 2 draws its essence from the collective bargaining agreement. Accordingly, we conclude that the arbitrator correctly assumed jurisdiction over Henaghan's grievance.

Before the arbitrator, the Township argued that matters involving police promotions are strictly a matter governed by the Code. Sections 638 and 642[2] of the Code have been interpreted as conferring discretion on the Township to choose among the top three scorers on an examination for promotion. *Fraternal Order of Police, Lower Merion Police Lodge 28 v. Township of Lower Merion*, 416 F. Supp. 65 (E.D. Pa. 1976). The Federal District Court reached this conclusion by comparing the

---

[2] 53 P.S. §§55638 and 55642.

language contained in the Code with that of Sections 1184 and 1188 of The Borough Code, Act of February 1, 1966, 53 P.S. §§46184 and 46188. In the seminal case of *Coles v. Judd*, 7 Pa. Commonwealth Ct. 90, 298 A.2d 687 (1973), The Borough Code was interpreted to give the Borough Council power to appoint from a list of three eligible persons.

The arbitrator acknowledged that the Code confers discretion on the Township to choose among the top three scorers. However, he went on to reason and conclude that the Township's own civil service regulations restrict the exercise of the discretion granted by the Code and limited it to the appointment or promotion of the highest scorer on an examination.

The Township challenges the arbitrator's reasoning and conclusion on two grounds. First, it argues that the provisions of the Code are mandatory and the Township was without the power to limit the discretion granted by the Code by enacting an ordinance. We disagree.

In *School District of the City of Erie v. Erie Education Association*, 67 Pa. Commonwealth Ct. 383, 391, 447 A.2d 686, 689 (1982), we said, "[A]ny collective bargaining by a public agency must necessarily involve matters committed by law to the agency's powers; only when the statute mandates exclusivity in exercise of the function would it be withdrawn by law from collective bargaining." We find that this proposition is applicable to the case before us inasmuch as the arbitrator concluded and we agreed[3] that the Code and the Township's civil service regulations adopted by ordinance were incorporated into the collective bargaining agreement.

We must determine, then, whether the Code "mandates exclusivity in exercise of the" promotion of police officers. *Id*.

---

[3] *See* discussion above as to arbitrability.

Section 626 of the Code[4] provides for the creation of civil service commissions in first class townships. Section 630 of the Code[5] provides in pertinent part, "[t]he commission shall have power to prescribe, amend and enforce rules and regulations for carrying into effect the provisions of this subdivision and shall be governed thereby." Further, Section 625 of the Code[6] provides in pertinent part, "Hereafter, each and every appointment to and promotion directly by the township shall be made only according to qualifications and fitness to be ascertained by examinations which shall be competitive, as hereinafter provided." We find nothing in the language of these Sections or elsewhere in the Code that prevents the Township from bargaining away its discretionary power under Sections 638 and 642 of the Code. Accordingly, we conclude that a first class township may, through the collective bargaining process, limit its discretionary power under Sections 638 and 642 of the Code.

Second, the Township challenges the arbitrator's reasoning by which he reached the conclusion that a township civil service regulation enacted by ordinance limits its discretion and mandates that the highest scorer on an exam must be promoted to the available position.

As noted above, the Township's civil service regulations have been incorporated into the collective bargaining agreement by Article I, Section 2 of that agreement. When reviewing an arbitrator's award we are strictly limited to determining whether that award draws its essence from the collective bargaining agreement. *See Musser*. The courts of this Commonwealth have repeat-

---

[4] 53 P.S. §55626.
[5] 53 P.S. §55630.
[6] 53 P.S. §55625.

edly followed[7] the United States Supreme Court's admonition that:

> It is the arbitrator's construction which was bargained for, and so far as the arbitrator's decision concerns the construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his.

*United Steelworkers v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 599 (1960).

Contrary to the Township's argument, this is not a case governed by *Greater Johnstown Area Vocational-Technical School v. Greater Johnstown Area Vocational-Technical Education Association,* 104 Pa. Commonwealth Ct. 191, 521 A.2d 965 (1987), *petition for allowance of appeal granted,* 518 Pa. 629, 541 A.2d 1139 (1988). In *Greater Johnstown* this Court concluded that where an arbitrator's decision interprets a statute, that interpretation must follow case law relating to that statute as laid down by the courts. If the arbitrator does not follow such precedent, his decision is subject to reversal. In the case before us, the arbitrator's decision is not contrary to any case law, accordingly, *Greater Johnstown* is inapplicable.

Based on the foregoing, the trial court's order is affirmed.

------

[7] *County of Centre v. Musser,* 519 Pa. 380, 548 A.2d 1194 (1988), *Community College of Beaver County v. Community College of Beaver County, Society of the Faculty (PSEA/NEA),* 473 Pa. 576, 375 A.2d 1267 (1977), *Conneaut School Service Personnel Association v. Conneaut School District,* 96 Pa. Commonwealth Ct. 586, 508 A.2d 1271 (1986), *petition for allowance of appeal denied,* 513 Pa. 644, 521 A.2d 934 (1987).

## ORDER

Now, February 3, 1989, the order of the Court of Common Pleas of Westmoreland County at No. 3708 of 1987, dated February 3, 1988, is hereby affirmed.