563 A.2d 224

**LABORERS INTERNATIONAL UNION OF NORTH AMERICA, LOCAL UNION NO. 964, Appellant,**

v.

**COUNTY OF LAWRENCE, Appellee.**

Commonwealth Court of Pennsylvania.

Argued May 2, 1989.

Decided Aug. 17, 1989.

Stephen M. Schmerin, Pittsburgh, for appellant.

John W. Hodge, Lawrence County Sol., New Castle, for appellee.

Before CRUMLISH, Jr., President Judge, COLINS, J., and BARBIERI, Senior Judge.

COLINS, Judge.

The Laborers International Union of North America, Local 964 (Union) appeals an order of the Court of Common Pleas of Lawrence County dated September 13, 1988, which vacated the award of Arbitrator Kathleen Spilker. We affirm.

Vikki Macarella (grievant), a member of the Union, was employed as a housekeeper at Hill View Manor, the nursing home for the County of Lawrence (employer), for approximately three and one-half years. Grievant voluntarily resigned in writing on February 28, 1987 over dissatisfaction with her work and a dispute with another employee. Employer accepted her resignation and grievant then completed several more days of work for which she had been scheduled.

Employer posted the job vacancy on March 2, 1987 pursuant to ARTICLE XXX of the parties' Labor Agreement (agreement) (*see* Footnote 3 herein). Grievant apparently had a change of heart on March 4, and after speaking with her Union representative sought to revoke her resignation. Grievant sent certified letters to her Superintendent, the nursing home administrator, and the County Commissioners, which were received by employer on March 5, 1987. Grievant also spoke with the nursing home administrator

and her Superintendent concerning her request for reinstatement. Employer received two bids for the job which was subsequently awarded to the senior bidder from the dietary department. The Commissioners refused to allow grievant to rescind her resignation and, as a result, she filed a grievance on March 13, 1987.

Arbitration was held on July 9, 1987 pursuant to Section 903 of the Public Employe Relations Act, commonly known as Act 195.[1] The arbitrator issued a decision dated July 28, 1987, which sustained the grievance and directed employer to reinstate the grievant to her former position in the housekeeping department, pay her all lost wages, restore her seniority, and revive her benefits as of March 13, 1987. The County Solicitor petitioned for review of the arbitrator's award in the Court of Common Pleas of Lawrence County on August 19, 1987. By order dated September 13, 1988, the trial court ordered the award of the arbitrator vacated. This appeal followed.

■■■■ Our scope of review of arbitration awards is very narrow in that an arbitrator's decision may not be disturbed so long as it draws its essence from the collective bargaining agreement. *North East Educ. Ass'n v. North East School Dist.*, 117 Pa.Commonwealth Ct. 19, 542 A.2d 1053 (1988). Notwithstanding, an arbitrator's award cannot be manifestly unreasonable. *Pennsylvania Liquor Control Board v. Independent State Stores Union*, 520 Pa. 266, 553 A.2d 948 (1989). An arbitrator is the interpreter of the terms of the collective bargaining agreement and his decision is entitled to great deference. *Greater Johnstown Area Vocational–Technical School v. Greater Johnstown Area Vocational–Technical Educ. Ass'n*, 520 Pa. 197, 553 A.2d 913 (1989).

■■■■ Under the essence test, this Court must determine whether an arbitrator's interpretation can in any rational way be derived from the collective bargaining agreement, viewed in light of its language, its context and other indicia

1. Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. § 1101.903.

of the parties' intention. If so, this Court must uphold that interpretation unless it is manifestly unreasonable. *Id.* Further, even if the trial court's interpretation is a reasonable one, under the essence test, it cannot be substituted for the reasonable interpretation of the arbitrator. *Central Susquehanna Intermediate Unit Educ. Ass'n v. Central Susquehanna Intermediate Unit #16,* 74 Pa.Commonwealth Ct. 248, 459 A.2d 889 (1983).

■ The question presented for resolution before the arbitrator in the instant matter was whether or not employer violated the agreement or the intent of the parties in refusing to accept grievant's withdrawal of her resignation letter. The Union argues that the trial court erred in concluding that the subject matter of the grievance was not within the four corners of the agreement and that, therefore, the arbitrator exceeded her authority and powers.[2] The Union asserts that the trial court's reasoning that the arbitrator's authority ends if the substance of the grievance cannot be found within the four corners of the agreement is faulty. It cites *Commonwealth v. Joint Bargaining Committee of Pa. Employment Security Employes Ass'n,* 35 Pa.Commonwealth Ct. 347, 386 A.2d 1050 (1978) in support of its argument that the arbitrator's interpretation of the agreement was reasonable and that her decision can be drawn from the "essence" of the agreement. That case is factually dissimilar and the Union's reliance thereon is erroneous. In *Joint Bargaining,* the union filed a grievance as a result of an employee's discharge. Both parties agreed that the propriety of the discharge was governed by a letter of understanding which was executed by the parties at the same time as the collective bargaining agreement. More particularly, the dispute focused on what interpretation should be given the words "crimes or misdemeanors" contained in a clause of the letter of understanding. Except for the Union's bare assertion, the record herein is

**2.** Pursuant to Section 7314(a)(1)(iii) of the Uniform Arbitration Act, 42 Pa. C.S. § 7314(a)(1)(iii), upon application by one of the parties, the court shall vacate an arbitrator's award where the arbitrator exceeded his powers.

devoid of any evidence to support the Union's essence argument.

Moreover, the arbitrator acknowledged in her opinion that there is no express provision in the agreement itself which would require employer to permit grievant to revoke her resignation, but opined that out of considerations of fairness and good faith, the employer was required to at least have considered grievant's request and given some reasonable explanation for its denial of that request. The arbitrator determined that grievant acted hastily out of anger and frustration in deciding to resign, that she exercised bad judgment and that she did not fully realize the consequences of such hasty action. She concluded that employer should have considered these factors in its evaluation of grievant's request to revoke her resignation. The arbitrator further concluded that fundamental fairness required that employer should have at least considered grievant's request for reinstatement and that absent a compelling reason against reinstatement, employer should have granted it. To follow this line of reasoning, we would have to make the obviously incorrect assumption that grievant possessed a fundamental constitutional right of employment with employer.

The arbitrator cited to two portions of the agreement in her opinion as being relevant to the instant matter; ARTICLE I, setting forth the policy and purpose of the agreement and ARTICLE XXX, entitled "Miscellaneous." [3] How-

3. Those portions provide in pertinent part:

ARTICLE I
DECLARATION OF PRINCIPLE, POLICY AND PURPOSE

It is the intent and purpose of the Union and the [employer] to promote the efficiency of the Lawrence County Home for the Aged however possible. In order to render the most efficient public service, the Union and the [employer] agree that these goals can best be achieved through an orderly, constructive and harmonious relationship between them. The parties hereto are in further accord that effective employee management cooperation in the public service requires a clear statement of the respective rights and obligations of labor and management and for this purpose enter into the following Collective Bargaining Agreement.

. . . .

ever, she never explained how these portions are relevant. She merely suggested that if the employer's goal is to provide uninterrupted services to patients, this goal would have been facilitated by employer simply removing the posting and tearing up grievant's resignation. She also suggested that the agreement's requirement that the employer provide an acceptable reason for not filling a posted job would have been fulfilled by employer allowing grievant to revoke her resignation. After a thorough review of the entire agreement, we conclude there is no support therein for the arbitrator's reasoning and decision.

Since the agreement is silent as to the issue of reinstatement and there was no other evidence presented which would indicate the intent of the parties, we conclude, as did the trial court, that the arbitrator's decision could not in any way be rationally derived from the agreement and that in reaching her decision she went beyond her scope of authority. While, as noted previously, great deference is given to an arbitrator's decision, an arbitrator's power is confined to interpretation and application of the agreement and he does not have the power to dispense his own brand of industrial justice. *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). Furthermore, the arbitrator's act of mandating the re-employment of petitioner would, in fact, be giving the arbitrator the power to dictate employment policies. Nowhere in the agreement is there any language which would even suggest that the parties ever contem-

. ARTICLE XXX
MISCELLANEOUS
When a vacancy exists, the [employer] shall post the job vacancy on the bulletin board used for such vacancies. The vacancy shall be filled within five (5) calendar days thereafter or a justifiable reason given for not being able to fill said vacancy. Seniority shall be the determining factor in filling the vacancy providing physical fitness and ability to do the job are relatively equal. The employee filling the vacancy shall prove his ability to successfully perform the duties of the position within a thirty (30) day probationary period, receiving as pay during said probationary period, the pay attributable to said position.

plated affording the arbitrator a role in the hiring process. Therefore, we hold the trial court acted properly in vacating the arbitrator's award.

Accordingly, the September 13, 1988 order of the trial court is affirmed.

## ORDER

AND NOW, this 17th day of August, 1989, the order of the Court of Common Pleas of Lawrence County dated September 13, 1988, is affirmed.